108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elaine R. HITCHCOCK, Defendant-Appellant.
 No. 96-2365.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1997.*
Decided March 18, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 On June 28, 1995, the Federal Energy Regulatory Commission (FERC) issued a final order pursuant to 16 U.S.C. § 823b(d)(2)(A) assessing a civil penalty against Elaine Hitchcock in the amount of $15,000 for a violation of § 23(b)(1) of the Federal Power Act, 16 U.S.C. § 817(1). Hitchcock failed to appeal the order within the sixty days permitted and, accordingly, the order was final on August 28, 1995. See 16 U.S.C. § 823b(d)(2)(B). In November of 1995, FERC filed a complaint in the district court pursuant to 16 U.S.C. § 823b(d)(5) seeking judgment on the fine. The district court denied Hitchcock's motions for summary judgment and for dismissal of the complaint, and granted FERC's motion for summary judgment. Hitchcock's appeal is presently before us.
 
 
 2
 We review a district court's determination of summary judgment de novo, CSX Transp., Inc. v. Chicago & North Western Transp. Co., Inc., 62 F.3d 185, 188 (7th Cir.1995), viewing the record in the light most favorable to the appellant. Matsushita Electronics Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 3
 We also review a district court's denial of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir.1996), accepting as true all well-pleaded allegations of the plaintiff's complaint and considering the allegations of the complaint in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir.1987). Dismissal is warranted only if the plaintiff can prove no set of facts upon which relief can be granted. Triad Associates, Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir.1989).
 
 
 4
 The task at hand is not to review the underlying legitimacy of the FERC order which assessed the fine against Hitchcock. See 16 U.S.C. § 823b(d)(5). This court must determine whether the district court properly denied Hitchcock's motion to dismiss and properly granted summary judgment in favor of the government in its suit to collect the fine against Hitchcock. That the fine has been properly assessed is not open for consideration because Hitchcock did not appeal the assessment. Hitchcock's present attempt to raise challenges to the propriety of the assessed fine are too late.
 
 
 5
 It is undisputed that the final order assessing the fine was issued and not appealed. It is also undisputed that Hitchcock has not paid the fine. Accordingly, there is no material factual determination at issue and the government is plainly entitled to collect on the certificate of indebtedness against Hitchcock. Every contention raised by Hitchcock in her brief addresses only the underlying validity of the fine and not the present state of her indebtedness under the fine.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)